UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A. KIRKHAM, | Case No. C05-2131-MJP-JPD |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| DELLA DOE et al., | |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis ("IFP") in this 42 U.S.C. § 1983 civil rights action against several officials at the King County Corrections Center in Kent, Washington. This matter comes before the Court upon plaintiff's motion for appointment of counsel. Dkt. No. 13. Defendants have filed no opposition to the motion. Having carefully reviewed the motion, supporting materials, and the record, the Court ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel, (Dkt. No. 13), is DENIED. The Court has discretion to appoint counsel for indigent litigants who are proceeding IFP. 28 U.S.C. § 1915(e)(1) (2005); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). However, the Court will appoint counsel only on a showing of "exceptional circumstances."

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL
PAGE -1

*Wilborn*, 789 F.2d at 1331; *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 565, 569 (9th Cir. 1995). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations and citations omitted). Neither of these factors is dispositive; rather both should be considered together. *Id.*

Plaintiff has shown that he is capable of articulating his claims pro se. Plaintiff's pleadings, including the present motion, are among the most articulate that the Court has received in any pro se 42 U.S.C. § 1983 action. They identify relevant issues and logically present appropriate facts and argument. Moreover, plaintiff has not demonstrated a likelihood of success on the merits. Although he has alleged that he suffers from carpal tunnel syndrome and that defendants have deprived him of his prescribed wrist braces without adequate justification, plaintiff has conceded that no federal or state agency has determined whether there is reasonable cause to believe the allegations in his suit have merit. Dkt. No. 13. Although plaintiff's complaint may be meritorious, on the present record, the Court cannot find that exceptional circumstances justify the appointment of counsel at this time.

(2)   The Clerk is directed to send a copy of this Order to the parties and to the Honorable Marsha J. Pechman.

DATED this 1st day of May, 2006.

/s/ James P. Donohue
_____
JAMES P. DONOHUE
United States Magistrate Judge