1

2                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
3                                      AT SEATTLE

4    RICHARD A. KIRKHAM,

5                     Plaintiff,

6            v.                                         NO. C05-2131MJP

7    DELLA DOE, et al.,                                 ORDER ON REPORT AND
                                                        RECOMMENDATION
8                     Defendants.

9

10          This matter comes before the Court on Magistrate Judge Donohue's Report and

11   Recommendation on Defendants' motion for summary judgment. (Dkt. No. 36).  Plaintiff proceeds

12   pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action.  Magistrate Judge Donohue

13   has issued a recommendation that the action be dismissed with prejudice.  Having considered the

14   papers filed by Mr. Kirkham, and Magistrate Judge Donohue's Report and Recommendation, the

15   Court ADOPTS the Report and Recommendation, GRANTS Defendants' motion for summary

16   judgment, and DISMISSES this action with prejudice.

17                                          **Background**

18          Because Magistrate Judge Donohue's Report and Recommendation contains a detailed

19   discussion of the facts in this case, a complete recitation of the facts is not provided here.  In brief,

20   Plaintiff Richard Kirkham was incarcerated as a pretrial detainee at the Regional Justice Center

21   ("RJC") in Kent, Washington, from March 6, 2005 to March 16, 2006.  Upon admission, Plaintiff

22   reported a history of carpal tunnel syndrome.  On April 12, 2005, Plaintiff was prescribed wrist braces

23   to treat his carpal tunnel syndrome, but not inserts for those wrist braces.  Plaintiff asserts that several

24   medical and classification officers at the RJC violated his rights under the Eighth and Fourteenth

25

26   **ORD ON REPORT &**
     **RECOMMENDATION  - 1**

Amendments by refusing to provide him with inserts for the wrist braces to treat his carpal tunnel syndrom

Magistrate Judge Donohue concluded in his Report and Recommendation that Defendants did not violate Plaintiff's constitutional rights because they were not deliberately indifferent to his medical needs.  Plaintiff objects to the Report and Recommendation, and contends that Defendants ignored his medical needs for at least three months, between May 10, 2005, and August 24, 2005.  Plaintiff submits new evidence with his objections to support this claim.  Plaintiff submits two Health Requests he contends were not responded to, dated June 5, 2005, and July 3, 2005.  Plaintiff also submits an Inmate Medical Grievance dated August 2, 2005, regarding the ignored Health Requests.  Plaintiff argues that Defendants' lack of attention during this period demonstrates deliberate indifference.

Plaintiff also submits two Health Status Reports issued from different institutions after Plaintiff left the RJC, which state that other institutions authorized wrist braces.  These reports are dated from October and November 2006, and were also not considered by Magistrate Judge Donohue.  Plaintiff asserts that he has been provided with three different styles of wrist supports by the Department of Corrections, and argues that the availability of such wrist supports demonstrates that Defendants had no legitimate security or safety concerns to support their denial of adequate wrist braces.

## Standard of Review

The Court reviews de novo those portions of the report or specified proposed findings or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1) (2000).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

## Discussion

The government has an obligation under the Eighth and Fourteenth Amendments "to provide medical care for those whom it punishes by incarceration." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  Here, because Plaintiff was a pretrial detainee, his cause of action arises under

**ORD ON REPORT &**
**RECOMMENDATION  - 2**

1   the Fourteenth Amendment, not the Eighth Amendment, but the same standard applies. Frost v.

2   Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Not every breach of the duty to provide prisoners with

3   medical care is of constitutional proportions. Lopez, 203 F.3d at 1131.  "In order to violate the Eighth

4   Amendment proscription against cruel and unusual punishment, there must be a 'deliberate

5   indifference to serious medical needs of prisoners.'" Id. (quoting Hutchinson v. United States, 838

6   F.2d 390, 394 (9th Cir. 1988)).

7           A plaintiff proves "deliberate indifference" in two steps. McGuckin v. Smith, 974 F.2d 1050,

8   1059 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

9   Cir. 1997) (en banc)).  First, the plaintiff must show a serious medical need by demonstrating that

10  "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

11  wanton infliction of pain.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Second, the

12  plaintiff must show that the defendant's response to the plaintiff's serious medical needs was

13  "deliberately indifferent," i.e. that the defendant knew of but disregarded an excessive risk to those

14  needs. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

15          Plaintiff's main objection to the Report and Recommendation is that Defendants' lack of

16  medical attention from June 5, 2005, to August 24, 2005, demonstrates deliberate indifference.

17  Defendants do not mention the June 5 and July 3 Health Requests, or any Medical Grievance in their

18  motion for summary judgment, and Defendants have not responded to Plaintiff's submission of this

19  new evidence.  Nevertheless, Plaintiff has not shown that the delay led to injury.  Where a prisoner is

20  alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that

21  the delay led to injury. McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs,

22  766 F.2d 404, 407 (9th Cir. 1985).  Plaintiff has not asserted injury from the two and a half month

23  break in medical staff visits, nor is one apparent from the record.  Defendants did not deny all medical

24  treatment during this period: by June 5, 2005 medical staff had already examined Plaintiff and provided

25

26  **ORD ON REPORT &**
    **RECOMMENDATION  - 3**

him with wrist braces.  And Defendants did not believe brace inserts were medically necessary.

Defendants conducted a nerve conduction study and that study showed only <u>mild</u> carpal tunnel

syndrome in the left hand and <u>none</u> in the right.  Plaintiff's Health Requests on June 5 and July 3

merely repeated his previous request for wrist brace inserts. (Dkt. No. 41, Ex. A).  Medical staff

examined Plaintiff numerous times starting August 17, 2005, during which medical staff again

determined that inserts were not necessary.  This delay therefore does not rise to the level of

"unnecessary and wanton infliction of pain" required for a violation of the Eighth Amendment. <u>See</u>

<u>Hallett v. Morgan</u>, 296 F.3d 732, 744-45 (9th Cir. 2002).

Plaintiff also argues that the issuance of "adequate" wrist braces at another institution

demonstrates that better wrist braces or metal or wooden inserts were necessary to treat his medical

need.  But a difference of medical opinion as to the proper treatment does not amount to deliberate

indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  "If a prison official should have

been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no

matter how severe the risk." <u>Toguchi</u>, 391 F.3d at 1057.  Thus, Plaintiff must prove that <u>Defendants</u>

(not the Department of Corrections medical staff) believed that metal or wooden inserts were

necessary.  Plaintiff failed to provide any evidence suggesting that RJC's medical staff believed metal

or wooden brace inserts were essential to treat his medical need.  To the contrary, the record

demonstrates that Defendants believed the wrist brace inserts were not medically necessary. (<u>See, e.g.</u>

Dkt. No. 27, Ex. M ("medical believes that you can manage without your braces for awhile") & Dkt.

No. 27, Ex. L (noting that Dr. Sanders had not ordered braces during Plaintiff's previous appointment,

because "medical providers determine what equipment is medically necessary")).

Lastly, Plaintiff argues that King County did not have legitimate security or safety concerns to

justify a policy prohibiting wrist brace inserts.  Plaintiff argues that the lack of legitimate concerns is

evidenced by the fact that stiffer wrist braces (without metal or wooden inserts) were available at the

**ORD ON REPORT &**
**RECOMMENDATION  - 4**

1
2
3
4
5
6
7

Department of Corrections.  But evidence of the availability of stiffer wrist braces without metal or wooden inserts does not address Defendants' policy of prohibiting metal or wooden inserts in wrist braces.  Moreover, Defendants did not refuse to provide Plaintiff with a stiffer wrist brace without metal or wooden inserts due to institutional policy; Dr. Ashling noted on September 15, 2005 that stiffer wrist braces were not available. (Dkt. No. 27, Ex. H at 4).  Given the need for heightened security, it is reasonable for King County to prohibit inmates and detainees from possessing metal or wooden inserts.

8

### Conclusion

9
10
11
12

Plaintiff has not shown that Defendants acted with "deliberate indifference" to his medical needs.  Accordingly, the Court ADOPTS the Report and Recommendation of Magistrate Judge Donohue, GRANTS Defendants' motion for summary judgment, and DISMISSES this complaint with prejudice.

13
14

The clerk is directed to provide copies of this order to all counsel of record and to Magistrate Judge Donohue.

15

Dated:  February 23, 2007

16
17

/s Marsha J. Pechman
Marsha J. Pechman
United States District Judge

18
19
20
21
22
23
24
25
26

**ORD ON REPORT &
RECOMMENDATION  - 5**